JOHN MICHAEL ALDERMAN AND GLORIA R. ALDERMAN; RUPERT L. BY-NUM, JR. AND JOYCE M. BYNUM; GEORGE BOWIE AND ANNE BOWIE; F. C. BURGNER; ELSIE C. GOFF; WILLIAM C. FISCHER AND SANDRA FISCHER; ROBERT P. BLAIR; JAMES E. PRUCHNIAK; JOSEPH K. WARD AND CHARLOTTE WARD; GEORGE CLARK THOMPSON AND CAROL S. THOMPSON v. CHATHAM COUNTY AND THE BOARD OF COUN-TY COMMISSIONERS OF CHATHAM COUNTY, INCLUDING EARL D. THOMPSON, HENRY DUNLAP, JR., GUS MURCHISON, JR., C. W. LUT-TERLOH; CARL THOMPSON AND CALVIN ROBERSON AND WIFE, MARY C. ROBERSON

No. 8715SC401

(Filed 19 April 1988)

1. Counties § 5.1; Municipal Corporations § 30.9— property rezoned from residen-tial agricultural to mobile home district—improper spot zoning

The trial court did not err in concluding that the rezoning of defendants' property from residential agricultural to mobile home district was illegal spot zoning since the rezoned area was only 14.2 acres and was uniformly surround-ed by property zoned residential agricultural, and the county failed to show a reasonable basis for rezoning the 14.2-acre tract in that there was no indication of any change in conditions in the immediate area of the property, there was no indication that the tract was unsuitable for residential use for which it was previously zoned, and the classification and development of nearby land was not consistent with mobile home district.

2. Counties § 5.1; Municipal Corporations § 30.9— property rezoned from residen-tial agricultural to mobile home district—illegal contract zoning

The trial court did not err in concluding that the rezoning of defendants' land from residential agricultural to mobile home district constituted illegal contract zoning where the county had denied defendants' five previous rezon-ing requests; defendants changed their request from 24 to 14 lots; the reason they gave was to have the lots in line with the Land Development Plan, which addressed density of land use; the land was rezoned in consideration of an assurance that the 14.2-acre tract would be developed in accordance with a restricted plan; and the rezoning was accomplished as a direct consequence of

the condition agreed to by the applicant rather than as a valid exercise of the county's legislative discretion.

APPEAL by defendants from *Lee, Thomas H., Judge.* Judgment entered 17 November 1986 in Superior Court, CHATHAM County. Heard in the Court of Appeals 28 October 1987.

This is a civil action by plaintiffs for a declaratory judgment invalidating an amendment to a zoning ordinance adopted by the Chatham County Board of Commissioners.

*Epting & Hackney, by Robert Epting, for plaintiff-appellees.*

*Gunn & Messick, by Paul S. Messick, Jr. and Robert L. Gunn; Faison, Brown, Fletcher & Brough, by Michael Brough, for defendant-appellants.*

JOHNSON, Judge.

Plaintiffs' complaint alleged that defendant Chatham County and its Board of County Commissioners had acted unlawfully in rezoning Calvin and Mary C. Roberson's 14.2 acre tract from Residential Agricultural 40-30 (RA 40-30) to Mobile Home District (MH District) for 14 lots and sought the court's declaratory judgment that defendant commissioners' 17 March 1986 action in that regard was illegal, invalid, and void, on grounds, *inter alia,* that the action of the County Commissioners constituted spot zoning and contract zoning.

The trial court's findings of fact established the following: The Robersons are owners of 14.2 acres of land located south of State Road 1700 and west of Mount Gilead Baptist Church Road. The 14.2 acre tract is adjacent to the south side of Parker's Creek which flows into the Parker's Creek impoundment on Jordan Lake, where the Parker's Creek campground and recreation areas are located. Some of the plaintiffs are owners of single family homes located on lots which are contiguous with and adjoin the southern boundary of the Robersons' 14.2 acre property, and the remaining plaintiffs are owners of single family residences located on lots in the same nearby vicinity and generally south and west of the 14.2 acre tract.

Plaintiffs' lands and the Robersons' 14.2 acre tract are a small part of a much larger area of land totalling 500 acres which

was originally zoned Residential Agricultural 20 (RA-20) when the county first adopted its zoning ordinance in 1968.

Prior to defendants' 30 January 1986 rezoning request for the 14.2 acre tract, defendant Calvin Roberson had sought to have their land (including the 14.2 acre tract) rezoned from low density residential use to mobile home park use on six different occasions. On 23 July 1973, defendant Calvin Roberson requested that the county rezone 40 acres then zoned RA-20 (including the 14.2 acre tract at issue) for a trailer park. On 1 October 1973, this request was denied by unanimous vote of the defendant Chatham County Commissioners.

On 17 October 1974, defendant Calvin Roberson sought to have 20 acres (adjacent to the 14.2 acre tract at issue) rezoned to mobile home use for a trailer park of 40 mobile homes. The County Planning Board opposed the rezoning on grounds that such use could jeopardize the planned Parker's Creek impoundment and recreation area at the Jordan Reservoir. However, on 9 June 1975, the County Commissioners, by a 3-2 vote, voted to rezone 16 of the 20 acres for a mobile home park at a density of not more than two trailers per acre.

On 13 September 1983, the Chatham County Planning Board considered the Robersons' request to expand their trailer park from the 16 acres rezoned on 9 June 1975, into the adjacent portion of their property south of Parker's Creek, which included the 14.2 acre tract at issue. Neither the Planning Board nor the County Commissioners took further action on this request because they failed to present any survey or other evidence to support their claim that the land was located in an unzoned township. On 29 September 1983, defendant Calvin Roberson requested that their 20 acres located west of Mount Gilead Church Road (including the 14.2 acres at issue) be rezoned from RA 40-30 to Mobile Home District.

On 11 October 1983, before the Planning Board, defendant Calvin Roberson stated that the purpose of the request was to spread out the existing thirty-two trailer lots and add 18 more on larger lots, which on its south side bordered the plaintiffs' lots and homes. In addition, he stated that he had State approval for a package treatment plant to serve the trailer park.

On 8 November 1983, the Planning Board considered the request again. Plans submitted at the meeting showed that the parcel for which rezoning was requested contained 16 acres. It was learned that no approval for a package treatment plant to serve the proposed trailer park had been given by the State. After the County Planner advised the Board that the rezoning request (for 24 units on 16 acres) did not conform to the density recommended in the Land Development Plan, the Board voted 5-3 to deny the request.

On 9 January 1984, the Chatham County Commissioners again considered the rezoning request. At that meeting, defendant Commissioner Carl Thompson made the motion to deny the rezoning request, and "strongly recommended" that the Robersons submit a plan that would provide an adequate buffer between their property and the adjoining property owners. Two commissioners voted to approve the rezoning request and two voted to deny the request. Defendant Chairman Earl Thompson broke the tie and voted against the rezoning request, stating that his concern was a larger buffer zone and the potential density in the proposed trailer park.

On 9 April 1985, the Planning Board considered their request that a 16.2 acre tract (including the 14.2 acre tract at issue) be rezoned from RA 40-30 to MH District for 24 mobile homes. The Planning Board tabled this request pending State action on the Robersons' permit application for a package sewage treatment plant. On 14 January 1986, before the Planning Board, defendant Calvin Roberson asked that the rezoning request not be taken off the table.

On 30 January 1986, the Robersons submitted the rezoning request at issue, asking that the 14.2 acres (adjacent on its south side to plaintiffs' lands, which was the tract that was part of the property considered in the five previous rezoning requests) be rezoned from RA 40-30 to MH District for 14 mobile home lots. On 11 February 1986, the Planning Board considered the request. At that meeting, defendant Calvin Roberson stated that they had changed their request from 24 lots to 14 lots because they felt that the 14 lots would be more in line with the Land Development Plan. He also stated that they were trying to get a package treatment plant approved by the State to serve the property, in-

cluding the 32 units already approved on the 16 acres which he and his wife owned.

Plaintiff John Alderman stated that he had purchased his lot (adjacent to the 14.2 acre tract's south boundary) from the Robersons. Plaintiff Alderman stated that at the time he purchased his lot, Calvin Roberson had verbally promised him that no mobile homes would be placed behind Alderman's lot. The Planning Board voted to recommend that the 14.2 acres be rezoned from RA 40-30 to MH District for 14 lots.

On 13 March 1986, the Chatham County Commissioners held a public hearing to hear public comment on the Robersons' request. Defendant Calvin Roberson stated that they sought to have the 14.2 acres rezoned so that they could expand their existing trailer park. He stated that the Planning Board had approved their request and that they had met all requirements such as buffer zones, low density, and sewage systems.

Many persons spoke in opposition to the requested rezoning change. Plaintiff Alderman reiterated his position that he would not have purchased his lot but for the Robersons' assurance that they would not build on the 14.2 acres unless they decided to build for their children. Other persons had opposition to trailer parks being built but not individual mobile homes. These parties stated that they were against an increase in density allowed in MH District; that the expansion of the trailer park was unwarranted because the Robersons had not utilized the land rezoned in 1975; that their attempts to have the land rezoned had been denied during the last ten years; that there existed no change of circumstances in condition to warrant the rezoning; that there were a number of lots off Mount Gilead Church Road zoned for mobile homes; that there already existed in the community another trailer park in addition to the Robersons'; and that any additional trailer parks would affect the single family character of the area.

On 17 March 1986, the rezoning request was granted by the defendant County Commissioners. The minutes of the meeting simply indicate that "Commissioner Dunlap moved, seconded by Commissioner Murchison and passed unanimously to approve the request . . . that 14.2 acres on the south side of SR 1700 (Mt.

Gilead Church Road) be zoned from Residential Agricultural to Mobile Home District for fourteen lots."

On 22 April 1986, plaintiffs filed their complaint against the respective defendants. On 23 June 1986, defendants filed their answers. On 14 October 1986, the case was tried by the trial judge, sitting without a jury. After reviewing the evidence and stipulations of the parties, and after making findings of fact and conclusions of law, the trial court declared that the rezoning by the Board of Commissioners was invalid and enjoined the Robersons from developing a mobile home park unless validly rezoned by the Board of Commissioners. From the judgment of the trial court, defendants appealed.

Defendants bring forth three Assignments of Error for this Court's review. For the following reasons, we affirm the judgment of the trial court.

[1] By their first Assignment of Error, defendants contend that the trial court erred in concluding that the rezoning of the Robersons' property was illegal spot zoning. We disagree.

G.S. sec. 153A-344 expressly gives counties the power to amend their zoning ordinances. As a legislative function, the county's act of amending its zoning ordinance is entitled to a presumption of validity. *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 258 S.E. 2d 444 (1979). The legislative act of enacting or amending a zoning ordinance is invalid if it is unreasonable, arbitrary, or an unequal exercise of legislative power. *Id.*

"Spot zoning" is defined as:

> [a] zoning ordinance, or amendment, which singles out and reclassifies a relatively small tract owned by a single person and surrounded by a much larger area uniformly zoned, so as to impose upon the small tract greater restrictions than those imposed upon the larger area, or so as to relieve the small tract from restrictions to which the rest of the area is subjected, . . .

*Blades v. City of Raleigh*, 280 N.C. 531, 549, 187 S.E. 2d 35, 45 (1972).

Zoning generally must be accomplished in accordance with a comprehensive plan in order to promote the general welfare and

serve the purposes of the enabling statute. G.S. sec. 153A-341; *Godfrey v. Union County Bd. of Commissioners*, 61 N.C. App. 100, 300 S.E. 2d 273 (1983). Because it zones a small area differently than a much larger area surrounding it, spot zoning, by definition, conflicts with the whole purpose of planned zoning. 2 Rathkopf, The Law of Zoning and Planning sec. 28.02 (1987). Therefore, unless there is a "clear showing of a reasonable basis," spot zoning is beyond the authority of the county or municipality. *Blades* at 549, 187 S.E. 2d at 45.

First, defendants argue that a relatively small area is required for spot zoning per *Blades, supra*, and that the 14.2 acres involved is part of a larger tract of approximately 41 acres *owned by the Robersons*. (Emphasis supplied.) Furthermore, defendants argue that since the 14.2 acres rezoned adjoins the Robersons' existing 16 acre tract zoned MH District, then the rezoning was merely an extension of the existing MH District. Defendants' argument is misplaced.

It is undisputed that at the time the application came before the Board, the Robersons' 14.2 acre tract was part of a much larger area of over 500 acres which was zoned RA 40-30 for low density single family residential and agricultural use. Trailer parks were not a permitted use in the RA 40-30 zone, although individual trailers could be used as single family residences within the RA 40-30 zone. If mobile homes were to be used for single family residences, subdivision requirements had to be met, which included surveying and platting the individual lots upon which trailers would be placed, and paving the subdivision roads. The rezoning of the property by the Commission to MH District permitted the Robersons to utilize the property without having to meet the subdivision requirements. Thus, the rezoning singled out a "relatively small parcel owned by a single person . . . so as to relieve the small tract from restrictions to which the rest of the area is subjected." *Blades, supra.*

This was the basis for the trial court's finding of fact No. 24 which states:

> The development standards applicable to Mobile Home Districts under the Chatham County Zoning Ordinance are different from and less stringent than the development standards applicable to the development of subdivisions under RA

40-30 zoning; in particular, individual lots do not have to be surveyed for development in a Mobile Home District, while such surveys are required for lots subdivided in a RA 40-30 subdivision; and, in an RA 40-30 subdivision with as many as four lots, roads would have to be paved, while in a Mobile Home District with less than 15 lots, the roads do not have to be paved. Thus, the March 17, 1986 Rezoning of Defendant Roberson's 14.2 acre tract from RA 40-30 to MH District for 14 mobile home lots relieved that tract from restrictions to which the remaining RA 40-30 area, including the Plaintiffs' said properties, were and remain subjected.

Thus, the rezoning amendment here clearly constitutes spot zoning. The rezoned area was only 14.2 acres and was uniformly surrounded by property zoned RA 40-30. The remaining question then is whether there was a reasonable basis for the county's action in spot zoning the 14.2 acre land.

An examination of the record reveals that the county has failed to show a reasonable basis for rezoning the 14.2 acre tract from RA 40-30 to MH District. Among the factors to be considered when determining whether there is a reasonable basis for spot zoning are: (1) change in conditions, (2) particular characteristics of the area being rezoned, and (3) the classification and development of nearby land. *Chrismon v. Guilford County*, 85 N.C. App. 211, 354 S.E. 2d 309 (1987).

In their brief, defendants give no analysis as to whether there was a reasonable basis to justify the rezoning. Nevertheless, there is no indication of any change in conditions in the immediate area of the property which would justify the rezoning. The record reveals no increase in mobile home use within the 500 acre tract with the exception of the 16 acre tract adjacent to plaintiffs' land. At the time defendants were not using all of the 32 spaces allowed in their existing trailer park.

In reference to the particular characteristics of the area being rezoned, G.S. sec. 153A-341 states that, among other things, zoning regulations should be made with reasonable consideration to "the character of the district and its peculiar suitability for particular uses." An examination of the record reveals that there is no indication that the 14.2 acre lot was unsuitable for residential use for which it was previously zoned. In fact, the evidence

established that: the recommended tract was in an area designated, rural and low density; that the individual trailers could be used as single family residences within the RA 40-30 zone; and that trailer parks were not a permitted use in the RA 40-30 zone.

Finally, in determining whether a rezoning was invalid as spot zoning, our courts have also considered the classification and development of nearby land. In the case *sub judice*, the majority of the land surrounding the rezoned 14.2 acres was uniformly zoned RA 40-30, and consisted of 500 acres. The classification and development of nearby land is not consistent with MH District considering the fact that mobile homes may be used as single family residences within the RA 40-30 zone. Furthermore, in 1986, the county turned down an application to rezone property to MH District within two miles of the 14.2 acre tract.

[2] In its second Assignment of Error, defendants contend that the trial court erred in concluding that the rezoning constituted illegal contract zoning. We disagree.

A county's legislative body has authority to rezone when reasonably necessary to do so in the interests of the public health, safety, morals or general welfare. Ordinarily[,] the only limitation upon this authority is that it may not be exercised arbitrarily or capriciously. However[,] to avoid contract zoning, all the areas in each class must be subject to the same restrictions. If the rezoning is done in consideration of an assurance that a particular tract or parcel will be developed in accordance with a restricted plan this is contract zoning and is illegal.

*Willis v. Union County*, 77 N.C. App. 407, 409, 335 S.E. 2d 76, 77 (1985).

The record establishes that on 9 April 1985, the Planning Board considered the request that 16.29 acres (which included the 14.2 acres at issue) be rezoned from RA 40-30 to MH District for 24 lots for mobile homes. Subsequently, on 30 January 1986, the Robersons submitted the rezoning request at issue, requesting that 14.2 acres of their remaining land be rezoned from RA 40-30 to MH District for 14 mobile home lots.

On 11 February 1986, before the Planning Board, when asked why they changed their request from 24 lots to 14 lots, Calvin

Roberson stated that he felt the 14 lots would be more in line with the Land Development Plan. The Land Development Plan does not specifically address mobile home parks but instead addresses density of land use. Subsequently, on 17 March 1986, after having denied their five previous rezoning requests, the rezoning request was approved by defendant Board of County Commissioners. The record reflects that at that meeting there was no discussion on the rezoning request.

We believe that the record reveals that the only justification for allowing the rezoning of the property was only if the number of lots was reduced to coincide with the density requirements of the county. There was no determination that the Board based its rezoning on the basis that the site was suitable for all uses permitted under MH District zoning.

The land was rezoned in consideration of an assurance that the 14.2 acre tract would be developed in accordance with a restricted plan. The rezoning here was accomplished as a direct consequence of the conditions agreed to by the applicant rather than as a valid exercise of the county's legislative discretion. As a result, such action by defendant Commissioners constituted contract zoning.

We have reviewed defendants' final Assignment of Error, and find it meritless and without need for discussion.

For the reasons herein assigned, the judgment of the trial court is

Affirmed.

Judges WELLS and COZORT concur.