GARNER MAHAFFEY AND WIFE, BARBARA T. MAHAFFEY, PLAINTIFFS v. FORSYTH COUNTY; JAMES N. ZIGLAR, JR.; RICHARD V. LINVILLE, FORREST E. CONRAD, WAYNE G. WILLIARD, AND JOHN S. HOLLEMAN, JR., MEMBERS OF THE BOARD OF COMMISSIONERS OF FORSYTH COUNTY; BEREAN BAPTIST CHURCH; HAROLD GIBSON; TIM MYERS, EARL EATON, BILL KIZER, AND JIM TALBERT, TRUSTEES OF BEREAN BAPTIST CHURCH; AND CLADIE GRAY DENNY, DEFENDANTS

No. 8921SC1215

(Filed 7 August 1990)

1. **Limitation of Actions § 8 (NCI3d); Municipal Corporations § 31 (NCI3d) — challenge to rezoning — barred by statute of limitations — equitable arguments**

An action challenging a 1979 zoning amendment was barred by the statute of limitations where the claim was brought after the nine-month period had lapsed because the trial court correctly allowed the affirmative defense of the statute of limitations to be pled by some of the defendants on behalf of all of the defendants; plaintiffs may be barred by their own inaction from asserting violations of constitutional rights; the zoning classification has remained in effect regardless of its nonuse by the property owners; and the invalidation of a 1988 rezoning of the same property merely leaves the zoning ordinance as it would have been prior to that ordinance and does not create a new cause of action with regard to the 1979 rezoning. N.C.G.S. § 1-54.1.

**Am Jur 2d, Zoning and Planning § 341.**

2. **Municipal Corporations § 30.9 (NCI3d) — rezoning — spot zoning — invalid**

A 1988 rezoning constituted invalid spot zoning where adjacent property was originally rezoned in 1979 from R-6, Suburban Residential, to B-3-S, Highway Business-Special Use; the property was rezoned in 1988 from B-3-S to B-2-S, General Business-Special Use; the tract in question here was rezoned in 1988 from R-6 to B-2-S; the tract rezoned in 1979 is wholly contained within the perimeter of the property rezoned in 1988, so that there is no property adjoining the tract rezoned in 1988 which has a zoning classification other than R-5 and R-6; the area in question is 700 feet from an area zoned B-3, General Business Use, which is an isolated pocket of business

zoning surrounded by R-5 and R-6 zoning; the tract of land in this case consists of .576 acres surrounded by many acres that are zoned R-5 and R-6 Residential; the trial court correctly held that the rezoning is contrary to the Forsyth County Long Range Planning Guide; the detriment to the community outweighs any alleged benefits; and the difference between the use of the rezoned property as an auto parts store and the surrounding rural residential neighborhood would be significant.

**Am Jur 2d, Zoning and Planning §§ 76, 77.**

Judge GREENE concurring in part and dissenting in part.

APPEAL by defendants and cross-appeal by plaintiffs from a judgment and order entered 10 July 1989 by *Judge W. Steven Allen, Sr.* in FORSYTH County Superior Court. Heard in the Court of Appeals 9 May 1990.

Plaintiffs claim that rezoning amendments approved by the Forsyth County Board of Commissioners ("the County") in 1979 and 1988 are invalid. Approximately .21 acres of property owned by Berean Baptist Church ("the Church") which had been zoned R-6, Suburban-Residential, was rezoned to B-3-S, Highway Business-Special Use, in 1979. Use of the property was limited to the sale of automobiles and pick-up trucks. The 1988 rezoning borders the tract rezoned in 1979. Approximately .366 acres of the Church's property was rezoned from R-6, Suburban-Residential, to B-2-S, General Business-Special Use. At the same time, the .21-acre tract rezoned in 1979 was rezoned again from B-3-S to B-2-S. The 1988 rezoning restricted the use of the property to the sale of new automotive parts and prohibited the sale of alcoholic beverages. Also, a portion of the property was to be dedicated for a right-of-way to realign the intersection of N.C. 109 and Williard Road. In both instances when the rezonings took place, the County Planning Board recommended denial of the petitions but the County Commissioners approved them. The court granted summary judgment to the plaintiffs with respect to the 1988 rezoning, and to defendants with respect to the 1979 rezoning. Defendants appeal the invalidation of the 1988 rezoning. Plaintiffs cross-appeal, challenging the validity of the 1979 rezoning.

*Wolfe and Collins, P.A., by A.L. Collins and John G. Wolfe, III, for plaintiffs/cross-appellants.*

*Womble Carlyle Sandridge & Rice, by Anthony H. Brett and Dale E. Nimmo, for defendants-appellants Forsyth County and Members of the Board of Commissioners of Forsyth County.*

*Thomas M. King for defendants-appellants Berean Baptist ·Church, Trustees of Berean Baptist Church, and Cladie Gray Denny.*

LEWIS, Judge.

This appeal addresses two separate zoning amendments. The assignments of error for each of those rezonings are discussed separately below.

## I: 1979 Rezoning.

[1] Plaintiffs submit a cross-appeal which addresses the 1979 zoning amendment only. They contend that "this amendment constitutes an illegal spot zoning and therefore is invalid and void *ab initio*." Defendants allege that plaintiffs are barred from challenging the 1979 rezoning by the Statute of Limitations. We affirm the holding of the trial court "[t]hat the Plaintiffs are barred by the Statute of Limitations from challenging the rezoning of the property contained in [the 1979] Petition. . . ."

Section 1-54.1 of the North Carolina General Statutes which states the time "limitations" for commencing civil actions includes the following provision for zoning ordinances:

Within nine months an action contesting the validity of any zoning ordinance or amendment thereto adopted by a county. . . .

Plaintiffs concede that this claim is brought after the nine-month period has lapsed, but they assert four equitable arguments in favor of their position that their action is not barred by the Statute of Limitations.

(1) Forsyth County and the members of the Board of Commissioners of Forsyth County pled the Statute of Limitations as an affirmative defense in their answer to plaintiffs' complaint. However, the other defendants in the case at bar failed to include this affirmative defense in their answers to plaintiffs' complaint. The trial court imputed the county defendants' assertion of the defense to

## MAHAFFEY v. FORSYTH COUNTY

[99 N.C. App. 676 (1990)]

the other defendants. Plaintiffs state that the trial court erred since this defense must be "timely pleaded or it is deemed waived." *Gragg v. W.M. Harris & Son*, 54 N.C. App. 607, 610, 284 S.E.2d 183, 185 (1981). We affirm the holding of the trial court that allows this affirmative defense to be pled by some of the defendants on behalf of all of the defendants. The same result is obtained whether the statute is asserted by only one or all of these defendants.

(2) Plaintiffs contend that the 1979 rezoning "is a present and ongoing violation of Plaintiffs' due process and equal protection rights" under the Constitutions of the United States and of North Carolina. They allege that "[t]he passing of a statute of limitations should not have the legal effect of . . . [making] legal the illegal acts of a zoning authority." The United States Supreme Court has rejected this argument in *Block v. North Dakota, ex rel. Board of University and School Lands*: "A constitutional claim can become time-barred just as any other claim can. . . . Nothing in the Constitution requires otherwise." 461 U.S. 273, 292, 75 L.Ed. 2d 840, 857 (1983). (Citations omitted.) The North Carolina Supreme Court has held that plaintiffs may be barred by their own inaction from asserting violations of constitutional rights. *Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E.2d 576 (1976). In that case, plaintiff was barred by his inaction from pursuing his constitutional claim regarding a zoning ordinance. Plaintiffs in the case at bar must live with the consequences of their inaction arising from their failure to challenge the 1979 zoning amendment during the requisite time period.

(3) Plaintiffs allege that defendants abandoned the specific use of the property which was set forth in the rezoning petition since the property was used for approximately six months as an automobile sales lot and has been vacant since that time. However, abandonment of a permitted use within a zoning classification does not invalidate the classification and the property owner may elect to later resume the permitted use of that land. The zoning classification has remained in effect regardless of its non-use by the property owners.

(4) The trial court invalidated the 1988 rezoning which, according to plaintiffs' allegations, constituted a change in the zoning classification for the part of that property which had been rezoned in 1979, thereby creating a new cause of action for plaintiffs. In fact, that invalidation merely leaves the zoning ordinance as it

would have been prior to that ordinance. Courts have no authority to rezone property from one classification to another but, instead, may rule on the validity of an existing zoning ordinance. When such a decision is made by the courts to invalidate an ordinance, that action "does not remove the designated area from the effect of the comprehensive zoning ordinance previously enacted." *Zopfi v. City of Wilmington*, 273 N.C. 430, 437, 160 S.E.2d 325, 333 (1968). Thus, the invalidation of the 1988 zoning amendment does not create a new cause of action with respect to the 1979 rezoning.

We find that the trial court correctly applied the Statute of Limitations with respect to the 1979 rezoning.

## II: 1988 Rezoning.

[2] Defendants contend that the trial court erred in its determination that the 1988 rezoning is invalid. The trial court ruled that "the rezoning of the property contained in Petition F-888 by Forsyth County Board of Commissioners on July 11, 1988 constituted an illegal spot zoning and is invalid." A recent North Carolina Supreme Court decision set forth the standard for determining whether or not a rezoning constitutes an illegal spot zoning.

[I]n any spot zoning case in North Carolina Courts, two questions must be addressed by the finder of fact: (1) did the zoning activity in the case constitute spot zoning as our Courts have defined the term; and (2) if so, did the zoning authority make a clear showing of a reasonable basis for the zoning.

*Chrismon v. Guilford County*, 322 N.C. 611, 627, 370 S.E.2d 579, 589 (1988). This discussion will follow these questions presented by *Chrismon*.

### A. *Was the rezoning a "spot zoning"?*

Spot zoning is "an attempt to *wrench* a single small lot from its environment and give it a new rating *which disturbs the tenor of the neighborhood." Id.* at 631, 370 S.E.2d at 591 (1988). (Emphasis original.) "Spot zoning" was defined specifically in *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E.2d 35 (1972).

In North Carolina

a zoning ordinance, or amendment, which singles out and reclassifies a relatively small tract owned by a single person and surrounded by a much larger area uniformly zoned, so

as to impose upon the small tract greater restrictions than those imposed upon the larger area, or so as to relieve the small tract from restrictions to which the rest of the area is subjected, is called "spot zoning."

*Id.* at 549, 187 S.E.2d at 45.

Defendants contend that the 1988 rezoning is not a spot zoning for two reasons. (1) The property rezoned in 1988, according to defendants, "was zoned in conformity with adjoining land," referring to the tract rezoned in 1979. In fact, the tract rezoned in 1979 is wholly contained within the perimeter of the property rezoned in 1988. There is no property adjoining the tract rezoned in 1988 which has a zoning classification other than R-5, Single Family Residential, and R-6, Suburban Residential. (2) Defendants state that "the rezoning was not inconsistent with surrounding uses" since that property "was only a short distance down the road from property zoned for business purposes in the B-3 general use zoning classification." The area zoned B-3 is approximately 700 feet from the property in question and is an isolated pocket of business zoning surrounded by R-5 and R-6 zoning. The City-County Planning Board of Forsyth County and Winston-Salem, N.C. noted the existence of this area zoned B-3 and stated that the presence of this "small business district" was a major factor in deciding *not* to grant the petition. The Planning Board noted that the B-3 district "has three parcels of vacant land, totaling 4.2 acres, more or less" and found that "[t]he existing B-3 area provides ample room to meet the highway business needs of this area." They made the additional "finding" that "granting the rezoning would encourage the rezoning of the property between the case site and the existing B-3 area and encourage the growth of a commercial strip on [the highway]."

The property in question is uniformly surrounded by R-5 and R-6 zoning and as B-3-S is a "spot zone" as defined by the North Carolina courts.

B. *Did the County Commissioners make a clear showing of a reasonable basis for the rezoning?*

The Court in *Chrismon* established two classifications of spot zoning: illegal spot zoning and legal spot zoning. In order for a zoning classification to constitute a legal spot zone, the zoning authority must make a clear showing of a reasonable basis for

the rezoning. 322 N.C. at 625, 370 S.E.2d at 587. The *Chrismon* Court then enunciated several factors which are to be considered in determining whether a reasonable basis for a zoning amendment exists.

> Among the factors relevant to this judicial balancing are the size of the tract in question; the compatibility of the disputed zoning action with an existing comprehensive zoning plan; the benefits and detriments resulting from the zoning action for the owner of the newly zoned property, his neighbors, and the surrounding community; and the relationship between the uses envisioned under the new zoning and the uses currently present in adjacent tracts.

*Id.* at 628, 370 S.E.2d at 589.

1. *Size of the tract in question.* Defendants address this factor by stating: "Since the tracts at issue in this appeal are located only a few blocks from property zoned for general business purposes, they should not be considered separate and apart from the other property in the immediate area which is zoned for business uses." The tract of land in this case consists of .576 acres surrounded by many acres that are zoned R-5 and R-6 Residential. The tract must be examined relative to the vast majority of the land immediately around it, not just a small tract 700 feet down the highway.

2. *Compatibility with an existing zoning plan.* Zoning generally must be accomplished in accordance with a comprehensive plan in order to promote the general welfare and serve the purpose of the enabling statute. *Alderman v. Chatham County,* 89 N.C. App. 610, 366 S.E.2d 885, *disc. rev. denied,* 323 N.C. 171, 373 S.E.2d 103 (1988). The North Carolina General Statute which addresses this issue states in pertinent part:

> Zoning regulations shall be made in accordance with a comprehensive plan. . . . The regulations shall be made with reasonable consideration as to, among other things, the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout the county.

N.C.G.S. § 153A-341. In the case at bar, the applicable comprehensive zoning plan is entitled *Vision 2005: A Comprehensive Plan*

*for Forsyth County, North Carolina.* The tract at issue is designated in that plan as an area which is "predominantly rural with some subdivisions adjacent to farms." The objectives set forth in the Plan for this area require that commercial development be allowed only in conjunction with the development of "clustered commercial service areas." Defendants assert that the rezoning is consistent with *Vision 2005* based on the sentence in that report which states that "rural serving retail establishments" should be "encouraged." However, that statement is not relevant to the facts in this case where the County Planning Board and Planning Board Staff, made up of professionals who are entrusted with the development of and adherence to the comprehensive plan, recommended denial of the petition. The trial court held "[t]hat the rezoning by the Forsyth County Board of Commissioners . . . is found by the Court to be . . . contrary to the Forsyth County Long Range Planning Guide (Vision 2005). . . ." We believe the findings of the Planning Board and the trial court are correct.

3. *Benefits and detriments.* The *Chrismon* court defined the standard for examining the balance of benefits and detriments of a zoning action.

> The standard is not the advantage or detriment to particular neighboring landowners, but rather the effect upon the entire community as a social, economic and political unit. That which makes for the exclusive and preferential benefit of such particular landowner, with no relation to the community as a whole, is not a valid exercise of this sovereign power.

322 N.C. at 629, 370 S.E.2d at 590, *citing Mansfield & Swett, Inc. v. West Orange,* 120 N.J.L. 145, 150, 198 A. 225, 233 (1938). (Emphasis omitted.) Defendants allege that "an auto parts store is certainly beneficial to a rural community where the automobile is virtually the only mode of transportation available to residents." However, auto parts are a common and easily obtainable product and, if such a retail establishment were said to be "beneficial to a rural community," then virtually any type of business could be similarly classified. Defendants further contend that "[t]he restrictions placed on the property as a condition for the issuance of the special use rezoning prevent its use from being a detriment to surrounding residential areas." Those "restrictions" did not mitigate the concern of the Planning Board that "granting the rezoning would encourage . . . the growth of a commercial strip

on [the highway]." Also, numerous property owners opposed the rezoning because of their concern over the possibility of a traffic hazard which would be created by the retail establishment, the potential for a decrease in property values, the potential "eyesore," and their desire to preserve the current character of the rural residential area. We agree that the detriment to the community outweighs any alleged benefit.

4. *Relationship between uses.* The final consideration listed by the *Chrismon* court in determining whether or not a reasonable basis exists for a spot zoning focuses on the "compatibility of the uses [of the property in question] envisioned in the rezoned tract with the uses already present in surrounding areas." *Id.* at 631, 370 S.E.2d at 591. As discussed above, the difference between the use of the rezoned property, as an auto parts store, and the use of the surrounding property, a rural residential neighborhood, would be significant. The effect of the requested rezoning would be the creation of a business usage of the property in a location where no business has operated for eight years and which is surrounded by residential property. Defendants' contention that "[t]he property at issue is located only a few blocks from property zoned for business purposes" has no merit and does not support defendants' position that "the difference in uses is . . . minor." In fact, as noted above, the location of this other commercial property is detrimental to defendants' allegation. Defendants' allegation that the size of the tract is important ("a small auto parts store" in contrast to "a large commercial complex") has no basis in law and is irrelevant in the case at bar. It is also irrelevant in an examination of this particular factor, "relationship between uses," that a portion of the property had been zoned for a business purpose in 1979.

For the foregoing reasons, the entry of summary judgment for the plaintiffs invalidating the 1988 rezoning is affirmed. The zoning classification of the property at issue reverts to the last legal classification of R-6 and B-3-S as defined by the Forsyth County Code.

Affirmed.

Judge ORR concurs.

Judge GREENE concurs in part and dissents in part.

Judge GREENE concurring in part, dissenting in part.

I agree with the majority that the statute of limitation bars plaintiffs' claim regarding the county's 1979 rezoning. However, I do not agree that the 1988 rezoning is spot zoning. The tract of land contained in the 1988 rezoning ("Highway Business") is contiguous to and actually includes the property rezoned in 1979 as "General Business," and, therefore, I agree with defendants that the 1988 tract of land is "not a small lot singled out for special treatment." Had this court determined that the 1979 zoning was unlawful, I would agree with plaintiffs' argument that the 1988 rezoning was spot zoning, but that potential argument is now irrelevant.