DAVID R. DALE AND WIFE, VIRGINIA R. DALE; IRWIN C. WINTER; JERRY SHANNON v. TOWN OF COLUMBUS, N.C.; KATHLEEN P. McMILLIAN, MAYOR; RAYMOND C. BLACKWELL, COMMISSIONER; GROVER W. HUTCHERSON, COMMISSIONER; ROBERT E. ORMAND, COMMISSIONER; ELIZABETH C. SCRUGGS, EXECUTRIX, ESTATE OF PAULINE M. COWAN, DECEASED

No. 9029SC523

(Filed 15 January 1991)

1. Municipal Corporations § 30.9 (NCI3d)— rezoning—not spot zoning

A rezoning by the Board of Commissioners of the Town of Columbus from R-2 (Medium Density Residential) to HC (Highway Commercial) did not constitute illegal spot zoning where the small tract rezoned Highway Commercial is not surrounded by a much larger uniformly zoned area and no evidence supports plaintiffs' contention that the sole purpose of the Board's action was to benefit the landowner or that only the landowner would profit by the rezoning at the expense of the greater community.

**Am Jur 2d, Zoning and Planning §§ 76, 77.**

**Spot zoning. 51 ALR2d 263.**

2. Municipal Corporations § 30.9 (NCI3d)— rezoning—not contract zoning

A rezoning by the Board of Commissioners of the Town of Columbus from a residential designation to Highway Commercial was not illegal contract zoning where there was no evidence of any reciprocal agreement made between the Board and the current owner or anyone else concerning the property and the transcript is unequivocal that the Board understood that the owner of the property was not bound to operate

any specific establishment on the tract and that the Board was advised of all of the possible uses.

**Am Jur 2d, Zoning and Planning § 17.**

3. **Municipal Corporations § 30.20 (NCI3d) — rezoning — proper procedures followed**

All the proper rezoning procedures were followed in a rezoning from a residential to a commercial designation and there was no indication that the Board's decision was a foregone conclusion or that the decision-making procedures were a ploy to cover a hidden agreement between the landowner and the zoning authority.

**Am Jur 2d, Zoning and Planning §§ 17, 47-49, 65.**

APPEAL by plaintiffs from order entered 6 March 1990 by *Judge Hollis M. Owens, Jr.*, in POLK County Superior Court. Heard in the Court of Appeals 4 December 1990.

Plaintiffs filed a complaint in August 1989 seeking nullification of an amendment to a zoning ordinance enacted by the Board of Commissioners of the Town of Columbus, North Carolina, on 6 July 1989. Defendants filed a motion for summary judgment, and an order granting summary judgment was entered on 6 March 1990. Plaintiffs appealed.

In 1983 the Columbus Board of Commissioners enacted a comprehensive zoning plan dividing the town into six land use districts. The districts are designated as follows: Low Density Residential (R-1); Medium Density Residential (R-2); Central Business District (CBD); Highway Commercial (HC); Industrial District (IND); and Public Service (PS).

Plaintiffs are persons who own property and live in the Beechwood subdivision, which contains large, expensive residences and lies within a R-2 Residential District. Section 704 of the town's zoning plan provides that R-2 Residential Districts are "primarily intended to provide locations for residential uses and supporting recreational and community service uses. . . . This district is intended to protect existing single family homes and subdivisions within the Town."

The ordinance under attack here redesignated a 4.99-acre tract from R-2 Residential to HC Highway Commercial status. Property

zoned Highway Commercial permits a wide range of uses including schools, libraries, motels, banks, restaurants, theatres, hospitals and other commercial and noncommercial enterprises.

The property in question was originally part of a seventeen-acre parcel proposed for rezoning to Highway Commercial. The Board of Commissioners agreed only to rezone the much smaller tract in an effort to provide more buffer between the new commercial district and the established residences in the area. Beechwood subdivision is located north and east of the 4.99-acre tract. Only a few feet of the rezoned tract borders on property of any present objecting landowner.

According to the town's zoning map, the rezoned property is located at the western edge of the town limits. The land immediately north and east of the square-shaped tract remains R-2 Residential. The land immediately west is a small pie slice shaped tract, which is wedged in between the 4.99-acre tract on the east and the town limits on the west. This narrow sliver of land is also zoned R-2. The land west of the town limits is zoned Highway Commercial. On the south the property is bounded by Highway 108. This road is the main east-west thoroughfare through Columbus. Across Highway 108 and touching the southwest corner of the 4.99-acre tract is a recently annexed area zoned Highway Commercial. Moving east along Highway 108 and directly across the highway from the tract, the land is zoned Public Service and contains a hospital and doctors' offices. Approximately 1000 feet from the southeast corner of the property is the corner of a large Highway Commercial tract that extends several thousand feet eastward along both sides of Highway 108.

Along Highway 108 from the western boundary of town to the eastern boundary, there are only two areas of land contiguous to the highway that remain zoned R-2 Residential. All other property next to the highway is zoned Highway Commercial, Central Business District or Public Service. Most of the recent business growth in the town has occurred in the western end. Except for annexations zoned R-2 Residential, all zoning changes made by the town since the adoption of the original zoning law have been from R-2 Residential to Highway Commercial.

*Francis M. Coiner for plaintiff appellants.*

*Arledge-Callahan Law Firm, by J. Christopher Callahan, for defendant appellees.*

DALE v. TOWN OF COLUMBUS

[101 N.C. App. 335 (1991)]

ARNOLD, Judge.

Summary judgment is appropriate when there is no genuine issue as to any material fact and either party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56. Here, there is no substantial controversy over the facts. The controversy is about the legal significance of those facts. Determining the validity of the ordinance enacted by the Columbus Board is, therefore, a proper case for summary judgment. *See Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E.2d 35 (1972).

The authority to enact zoning legislation is incorporated in N.C. Gen. Stat. § 160A-381 (1987). In addition, the Columbus Board has the authority to rezone property "when reasonably necessary to do so in the interests of the public health, the public safety, the public morals or the public welfare. Ordinarily, the only limitation upon this legislative authority is that it may not be exercised arbitrarily or capriciously." *Allred v. City of Raleigh*, 277 N.C. 530, 545, 178 S.E.2d 432, 440 (1970).

[1] Plaintiffs first contend the Board acted arbitrarily and capriciously in that the July rezoning ordinance constituted illegal "spot zoning." Spot zoning has been defined as follows:

[a] zoning ordinance, or amendment, which singles out and reclassifies a relatively small tract owned by a single person and surrounded by a much larger area uniformly zoned . . . so as to relieve the small tract from restrictions to which the rest of the area is subjected. . . . It is beyond the authority of the municipality, in the absence of a clear showing of a reasonable basis for such distinction.

*Blades*, 280 N.C. at 549, 187 S.E.2d at 45. Although not every case of spot zoning is illegal, *Chrismon v. Guilford County*, 322 N.C. 611, 627, 370 S.E.2d 579, 588 (1988), we fail to see any interpretation of the facts that would render the proposed rezoning here a case of spot zoning. The small tract rezoned Highway Commercial is not surrounded by a much larger uniformly zoned area. The property is bounded by a R-2 Residential district only on the north and east (and a small pie shaped sliver of land on the west). On the south it faces a major highway and across that road, the land is zoned Public Service. At its southwest corner, the tract touches a Highway Commercial district and a city boundary.

DALE v. TOWN OF COLUMBUS

[101 N.C. App. 335 (1991)]

Across that boundary is a county Highway Commercial district. This assignment of error is overruled.

Plaintiffs make a related argument based upon their erroneous belief that the action constituted spot zoning. As our Supreme Court has noted, "the true vice of illegal spot zoning is in its inevitable effect of granting a discriminatory benefit to one landowner and a corresponding detriment to the neighbors or the community without adequate public advantage or justification." *Chrismon*, 322 N.C. at 628-29, 370 S.E.2d at 589. Plaintiffs argue that the action by the Board only benefits the individual landowner, causes irreparable damage to the surrounding property owners and has a detrimental impact on the entire community. We disagree.

The property rezoned here borders on the main east-west thoroughfare through Columbus. The record is clear that the Board discussed the negative effects of highway traffic on any residential property along the road. The Board reviewed the commercial nature of the remainder of Highway 108 and the town's comprehensive plan of commercial development along the highway. It also discussed the possible benefits of increasing the town's tax base and providing more jobs through the establishment of more commercial enterprises. No evidence supports plaintiffs' contention that the sole purpose of the Board's action was to benefit the landowner or that only the landowner would profit by the rezoning at the expense of the greater community.

[2] Finally, plaintiffs contend that the action by the Board constituted "contract zoning." "Illegal contract zoning properly connotes a transaction wherein both the landowner who is seeking a certain zoning action and the zoning authority itself undertake reciprocal obligations in the context of a *bilateral* contract." *Chrismon*, 322 N.C. at 635, 370 S.E.2d at 593; *see Allred*, 277 N.C. 530, 178 S.E.2d 432, and *Blades*, 280 N.C. 531, 187 S.E.2d 35. Plaintiffs argue that in the original rezoning request the landowner assured the zoning authorities that the property would be used only for an automobile dealership. They contend any activity of the Board "would necessarily have been based upon the assumption that this was the use to which the property would be subjected," and that this reciprocal understanding resulted in a tacit agreement which constituted contract zoning.

The illegal aspect of contract zoning occurs when a zoning authority binds itself to enact a zoning amendment and agrees

not to alter the zoning change for a specified period of time. *Chrismon*, 322 N.C. at 635, 370 S.E.2d at 593 (citing Shapiro, *The Case for Conditional Zoning*, 41 Temp. L.Q. 267, 269 (1968)). When a zoning authority takes such a step and curtails its independent legislative power, it has acted *ultra vires* and the rezoning is therefore a nullity. *Id.*

We find no evidence of any reciprocal agreement made between the Board and the current owner, the applicant who filed for rezoning, or with anyone else concerning the property. The transcript is unequivocal that the Board understood that if the property was rezoned, the owner was not bound to operate an automobile dealership or any other specific establishment on the tract. The record is also clear that the Board was advised of all the possible uses that could be made in a Highway Commercial district and of the possible uses if the property remained R-2 Residential. After comparing the two alternatives, the Board made the decision to rezone.

[3] Furthermore, all the proper rezoning procedures were followed in this case. *See Chrismon*, 322 N.C. at 636, 370 S.E.2d at 593. Initially, the proposed change was referred to the Town Planning and Zoning Board, which endorsed the change. A public hearing was held, and at a separate public meeting, the Board unanimously adopted the zoning change. There is no indication that the Board's decision was a foregone conclusion or that the decision-making procedures were a ploy to cover up a hidden agreement between the landowner and the zoning authority. Plaintiffs' argument that the Board's knowledge of the landowner's intended use may have influenced their decision is not sufficient to support an allegation that contract zoning occurred. This assignment of error is overruled, and the order of the trial court is therefore

Affirmed.

Judges EAGLES and PARKER concur.