JOSEPH D. LATHAN v. UNION COUNTY BOARD OF COMMISSIONERS AND UNION COUNTY AND GLADYS NESBIT AND KEITH A. NESBIT

No. 7920SC1181

(Filed 17 June 1980)

**Municipal Corporations § 30.9– spot zoning**

The rezoning of an 11.42 acre tract from a residential classification to a light industrial classification constituted spot zoning where the surrounding area was zoned residential, and no reasonable basis for the spot zoning existed because a substantial portion of the tract was too low for residential development or because two roads bordered portions of the tract.

APPEAL by defendants from *Wood, Judge.* Judgment signed 17 August 1979 in Superior Count, UNION County. Heard in the Court of Appeals 21 May 1980.

This action for declaratory judgment was brought by plaintiff to determine the validity of the rezoning of a piece of property by the Union County Board of Commissioners.

The facts of this case are not in dispute. Plaintiff and defendants Nesbit are adjoining landowners in Union County. On 25 August 1978 a petition was filed to have the Nesbit property, an 11.412-acre tract, rezoned from R-20 to L-I under the Union County Zoning Ordinance. Property zoned R-20 under the ordinance may be used for detached single-family dwellings, churches, and various forms of agriculture and horticulture. Additional conditional uses are permitted, such as educational institutions, recreational facilities, and emergency stations. The areas zoned L-I (Light Industrial) permit various manufacturing enterprises and wholesale establishments. Additional conditional uses are permitted as well, such as restaurants, service stations, and lumber and planing mills.

The Nesbit property has been owned by the Keith Nesbit family for over fifteen years. A sawmill operation is currently being conducted on a portion of the property as a preexisting nonconforming use.

The Director of the Union County Planning Department, Luther M. McPherson, Jr., visited the Nesbit property after the

rezoning petition was filed and subsequently submitted an un-
favorable recommendation on the petition to the Planning
Board. In his view the property was not a suitable area for
future industrial development: it had no access to major trans-
portation facilities or public water and sewer services; there
was no predominant tendency towards industrial development
already in the immediate area; if rezoned, the property would
be incompatible with the surrounding residential community.
Furthermore, he concluded the rezoning would be unlawful
spot zoning. The Planning Board, however, favorably recom-
mended the rezoning to the Board of Commissioners, and after
a public hearing on 6 November 1978, the county commissioners
rezoned the property from R-20 to L-I.

Plaintiff and defendants filed motions for summary judg-
ment in this action; the court granted plaintiff's motion and
denied defendants' motion. Defendants appealed.

*Joe P. McCollum, Jr. for plaintiff appellee.*

*Griffin, Caldwell & Helder, by Thomas J. Caldwell and H.
Ligon Bundy, for defendant appellants Union County Board of
Commissioners and Union County.*

*Smith, Smith, Perry & Helms, by Henry B. Smith, Jr., for
defendants appellants Gladys Nesbit and Keith A. Nesbit.*

MARTIN (Harry C.), Judge.

Appellants assign as error the trial court's entering sum-
mary judgment on behalf of plaintiff and denying appellants'
motion for summary judgment. The court granted judgment in
favor of plaintiff "as a matter of law in that the property de-
scribed in the petition was spot zoned by the defendant, Union
County Board of Commissioners."

There is no controversy as to the facts disclosed by the
evidence in this case. The only controversy involves the legal
significance of the facts; therefore, this action is a proper case
for summary judgment. *See Blades v. City of Raleigh*, 280 N.C.
531, 187 S.E. 2d 35 (1972), in which the validity of a City of

Raleigh zoning ordinance was determined on summary judgment. Based on the materials before it, the trial court in the present case ruled that the Nesbit property had been spot zoned. We affirm this ruling.

In the *Blades* case, the Court defined the concept of spot zoning as follows:

> A zoning ordinance, or amendment, which singles out and reclassifies a relatively small tract owned by a single person and surrounded by a much larger area uniformly zoned, so as to impose upon the small tract greater restrictions than those imposed upon the larger area, or so as to relieve the small tract from restrictions to which the rest of the area is subjected, is called "spot zoning."

280 N.C. at 549, 187 S.E. 2d at 45. Spot zoning is beyond the authority of the municipality or county in the absence of a clear showing that a reasonable basis exists for such distinction. *Id.* The question for our determination, then, is whether the record clearly discloses a reasonable basis for spot zoning the Nesbit property. If such a clear showing does not exist, the court appropriately granted summary judgment for plaintiff.

The only evidence in the record that would arguably tend to show a reasonable basis for the rezoning is found in defendant's exhibits. Keith Nesbit stated in an affidavit "[t]hat Cane Creek flows through the property and a substantial portion of the property is unsuitable for residential structures and developments because of the fact that it is too low." Similarly, in the minutes of the Union County Board of Commissioners' meeting, held 6 November 1978, are found the reasons for a favorable recommendation by the Union County Planning Board:

> "(1) Because of how long it has been there. (2) You can't tell a man that he can't grow and will have to go up U.S. 74 to expand. (3) How long they have had the land."

In addition, the zoning maps reveal that a small district, between one and two acres in size, is located across Rocky River Road from the Nesbit property and is zoned B-3, general busi-

ness district. Two roads, one gravel and one paved, border portions of the Nesbit property; defendants argue that this factor makes the property "peculiarly suited for industrial use" and "sets it apart from the adjoining property."

We think that this evidence falls short of being a clear showing that a reasonable basis exists for spot zoning the Nesbit property. The county, therefore, acted beyond its authority, and the trial court was correct in granting summary judgment for plaintiff on the basis of the unlawful spot zoning.

Affirmed.

Judges WEBB and WELLS concur.