FRANK B. GODFREY, JOE N. SUTTON, O. FRED HOWEY AND BILLUPS HOOD
    v. UNION COUNTY BOARD OF COMMISSIONERS, UNION COUNTY AND
    JAMES DENNIS RAPE

No. 8220SC258

(Filed 1 March 1983)

**Municipal Corporations § 30.9— rezoning of property—spot zoning**
     The evidence and facts in a declaratory judgment action supported the
     trial judge's conclusion and judgment that the rezoning in the case constituted
     "spot zoning" and should therefore be set aside where the evidence tended to
     show that at the time the tract was rezoned, Union County had in effect a
     comprehensive land use and development plan; that the whole intent and pur-
     pose of the application for rezoning was to accommodate the individual defend-
     ant's plans to relocate his grain bin operation and not to promote the most
     appropriate use of the land throughout the community; and that the tract of
     land in question is surrounded on all sides by property zoned for single family
     residences.

APPEAL by defendants from *Kivett, Judge.* Judgment entered 11 December 1981 in UNION County Superior Court. Heard in the Court of Appeals 19 January 1983.

Plaintiffs brought this declaratory judgment action seeking to have the rezoning of a tract of real property by defendant County declared null and void. On 12 September 1980, defendant Rape petitioned the County to have his property rezoned to H-I (heavy industrial). Under the comprehensive plan, property zoned H-I may be put to various commercial and industrial uses such as for warehouses, food-processing plants, manufacture and distribution of various construction materials, sawmills, mines and agri-

cultural processing plants. Additional conditional uses may be permitted as well.

The stipulations and evidence before Judge Kivett, who heard the case without a jury, tended to show the following. Plaintiffs each own land adjoining a 17.45 acre tract of land owned by defendant Rape. The land of plaintiffs and defendant has been subject to Union County's comprehensive land use plan since 2 June 1975, the effective date of the County's Zoning Ordinance which implemented the land use plan pursuant to G.S. 153A-340 *et seq.* The property of plaintiffs and defendant Rape was zoned R-20 (single family residential) under the Ordinance, and was thus limited to use for single family dwellings, churches, and agriculture and horticulture. All of the property surrounding the Rape tract is zoned either R-20 or R-10 (residential suburban, a classification slightly more restrictive than R-20, limiting permitted agricultural uses and requiring that certain lots utilize county water and sewer services). Twelve residences are in the area immediately surrounding defendant Rape's tract. In a small community approximately one-half mile from the Rape property, there is a cluster of light and heavy industrial zoned property. Under the comprehensive plan, the Rape property was designated as low density residential.

Union County's Planning Director, Luther M. McPherson, visited the Rape property in order to assess its suitability for rezoning. McPherson made a written recommendation to the County Planning Board that the property be rezoned H-I for the following reasons:

— The Rape property is located on highway N.C. 75 and the Land Development Plan (the portion of the Zoning Ordinance setting out the zoning classifications for the whole county) states that industrial zoning should be located near major thoroughfares such as N.C. 75.

— The property is situated on a major highway and a railroad which runs parallel to the highway, in a location unlikely to develop in the future for residential purposes.

— Adequate parking space, as required by the Zoning Ordinance, could be provided.

— Because of the property's proximity to N.C. 75 and the railroad, rezoning to industrial should not adversely affect property values of adjacent land to an unreasonable degree.

— The area is already subject to a high level of noise.

— Railroad access, public highway access and public water are available.

— Buffering and setback would remove any detrimental effects that rezoning would have on public health, safety and welfare in the vicinity.

At the hearing before the Planning Commission, defendant Rape attempted to justify his proposed rezoning by informing the Commission that he operated a grain bin on the property located one-half mile from the tract proposed for rezoning and that he wanted to relocate his grain bin to the tract proposed for rezoning. Other than describing the suitability of the tract for his grain bin operation and asserting that the continued operation of his grain bin would be of benefit to farmers in the area, defendant Rape offered no other evidence of need to change the zoning classifications of his 17.45 acre tract.

On 3 October 1980, the County Planning Board voted six to one in favor of recommending rezoning. On 10 November 1980, defendant County held a public hearing on defendant Rape's petition. On 23 November 1980, the County Commissioners, by a vote of three to two, voted to amend the Zoning Ordinance, rezoning the Rape property H-I.

Following the trial, Judge Kivett entered the following order:

Petitioners and Union County Board of Commissioners and Union County through counsel having stipulated to the evidence presented and the Court having heard arguments of Counsel, the Court finds as a fact the following:

1. That on September 12, 1980, James Dennis Rape petitioned the Union County Board of Commissioners to rezone 17.45 acres from R-20 (Single Family Residential) to H-I (Heavy Industrial), as shown in Exhibit "A."

2. That on November 23, 1980, the Union County Board of Commissioners rezoned the Rape property in Petition 000313 from R-20 to H-I.

3. On September 12, 1980, Union County had a Land Use Survey Analysis and Land Development Plan for Union County which designated on the land development map the 17.45 acres of Rape property as projected to be low density residential.

4. That the 17.45 acres in question is surrounded on three sides by R-20 (Single Family Residential) and on one side by R-10 (Single Family Residential with 10,000 square feet lots) as shown on the official zoning map for Union County.

5. That there has been no showing to distinguish the Rape 17.45 acres from the surrounding properties.

6. That the predominant existing land use in the area is residential.

7. That there has been no showing that the Rape 17.45 acres could not be used for residential purposes.

Based upon the foregoing findings of fact, the Court concludes as a matter of law that the rezoning of the Rape 17.45 acres in Petition #000313 from R-20 (Single Family Residential) to H-I (Heavy Industrial) constituted spot zoning.

IT IS THEREFORE ORDERED AND ADJUDGED that the rezoning of 17.45 acres of the property of the defendant, James Dennis Rape from R-20 to Heavy Industrial by the Union County Board of Commissioners on November 23, 1980, Petition number 000313, is declared null and void and of no effect.

Defendant Union County appealed.

*Joe P. McCollum, Jr. for plaintiffs.*

*Griffin, Caldwell, Helder & Steelman, P.A., by C. Frank Griffin and Thomas J. Caldwell, for defendants.*

WELLS, Judge.

By its three assignments of error and two arguments, defendant challenges Judge Kivett's finding of fact number five and his single conclusion of law.

While we perceive that Judge Kivett's finding of fact number five may be more in the nature of a conclusion, we need not dwell on that aspect of his order. There is no dispute as to the underlying evidence in this case or the facts established by that evidence. The only controversy involves the legal significance of the evidence and the facts. *See, e.g., Lathan v. Board of Commissioners*, 47 N.C. App. 357, 267 S.E. 2d 30, *disc. rev. denied*, 301 N.C. 92, 273 S.E. 2d 298 (1980). The dispositive question before us is, therefore, whether the evidence and facts in this case support Judge Kivett's conclusion and judgment that the rezoning in this case constituted "spot zoning" and should therefore be set aside. We hold that Judge Kivett was correct in his conclusion and judgment and therefore affirm.

There is no dispute that at the time the Rape tract was rezoned Union County had in effect a comprehensive land use and development plan. While such plans may be appropriately modified after their adoption, such changes must be made consistently with the overall purposes contemplated by the adoption of the plan, and not to accommodate the needs or plans of a single property owner. As our Supreme Court stated in *Blades v. City of Raleigh*:

> The whole concept of zoning implies a restriction upon the owner's right to use a specific tract for a use profitable to him but detrimental to the value of other properties in the area, thus promoting the most appropriate use of land throughout the municipality, considered as a whole. The police power, upon which zoning ordinances must rest, permits such restriction upon the right of the owner of a specific tract, when the legislative body has reasonable basis to believe that it will promote the general welfare by conserving the values of other properties and encouraging the most appropriate use thereof. (Cites omitted.)

280 N.C. 531, 187 S.E. 2d 35 (1972).

In the case now before us, the evidence before the trial court clearly showed that the whole intent and purpose of Mr. Rape's application for rezoning was to accommodate his plans to relocate his grain bin operation, not to promote the most appropriate use of the land throughout the community.

There is no dispute that Mr. Rape's tract of land is surrounded on all sides by property zoned for single family residences. As our Supreme Court stated in *Blades, supra,*

> A zoning ordinance, or amendment, which singles out and reclassifies a relatively small tract owned by a single person and surrounded by a much larger area uniformly zoned, so as to impose upon the small tract greater restrictions than those imposed upon the larger area, or so as to relieve the small tract from restrictions to which the rest of the area is subjected, is called "spot zoning." It is beyond the authority of the municipality, in the absence of a clear showing of a reasonable basis for such distinction. (Cites omitted.)

Defendant County contends that the Rape property has characteristics that distinguish it from the property adjoining it. Judge Kivett correctly did not view the evidence as supporting this contention. While the evidence clearly does show that the Rape property has certain characteristics that make it suitable for industrial use, *i.e.,* paved public highway and a railroad on the tract and public water available, viewed in the context of the general characteristics of the area in which it is located, the Rape tract is essentially similar to the property or land that surrounds it and the characteristics of the Rape tract provide no reasonable basis for zoning it differently from the surrounding property.

We are persuaded that the attempted rezoning here constituted both "spot zoning" and "contract" zoning, *Blades, supra,* and was therefore invalid.

For the reason given, the judgment of the trial court is

Affirmed.

Chief Judge VAUGHN and Judge BRASWELL concur.