CHRISTOPHER A. MUSI AND PAMELA SABALOS, PLAINTIFFS V. THE TOWN OF SHALLOTTE AND THE TOWN OF SHALLOTTE BOARD OF ALDERMEN, DEFENDANTS

No. COA08-1522

(Filed 20 October 2009)

## 1. Declaratory Judgments— standing—allegation of special damages not required

Plaintiffs had standing to file a declaratory judgment action challenging defendants' rezoning of property because the Declaratory Judgment Act does not require a party seeking relief to be an "aggrieved" person or to otherwise allege special damages.

## 2. Zoning— rezoning—spot zoning

A rezoning was not spot zoning where the property did not have a single owner and was not surrounded by a uniformly zoned area. The question of whether it was illegal spot zoning was not reached.

## 3. Zoning— rezoning—range of permitted uses

Plaintiffs failed to establish that the Board of Aldermen did not conduct the proper assessment of the range of permitted uses in the pertinent rezoned areas, and thus the rezoning was not void on this basis.

## 4. Evidence— exclusion of exhibits—summary judgment hearing

The trial court did not abuse its discretion by excluding certain exhibits from evidence at a summary judgment hearing in a declaratory judgment action challenging rezoning.

Appeal by Plaintiffs from judgment entered 9 June 2008 by Judge Thomas H. Lock in Brunswick County Superior Court. Heard in the Court of Appeals 18 August 2009.

*The Brough Law Firm, by Thomas C. Morphis, Jr., for Plaintiffs.*

*Jess, Isenberg & Thompson, by Laura E. Thompson, for Defendants.*

MUSI v. TOWN OF SHALLOTTE

[200 N.C. App. 379 (2009)]

BEASLEY, Judge.

Plaintiffs (Christopher Musi and Pamela Sabalos) appeal the denial of their summary judgment motion and entry of summary judgment in favor of Defendant, Town of Shallotte. We affirm.

This appeal arises from a zoning decision of the Board of Alderman of the Town of Shallotte, in Brunswick County, North Carolina. The property that was rezoned (the subject property) consists of fifteen separate tracts with six different owners. The subject property is located on the west side of the Shallotte River, between the Town of Shallotte and the Atlantic Ocean, each a little over a mile away. In 2006 the subject property was subject to the zoning authority of Brunswick County, and had an R-7500 zoning designation.

In June 2006 owners of the subject property applied to the Town of Shallotte for satellite annexation and rezoning under several town zoning categories. The Town of Shallotte Planning Board voted to recommend to the Board of Aldermen that the application be denied. In September 2006 the applicants withdrew their request and filed a second application, which was also withdrawn before it was presented to the Board of Aldermen for consideration.

In October 2006 the owners and agents for the subject property submitted a third application for satellite annexation and rezoning by the Town of Shallotte. The zoning designations requested by the applicants permit a higher density of housing units than the Brunswick County R-7500 zoning to which the applicants were then subject. After consideration of the request at its November 2006 meeting, the Planning Board voted to recommend that the Board of Aldermen approve this application. On 6 March the Town of Shallotte Board of Aldermen conducted a public hearing to consider the application and voted to annex the subject property and to rezone it as requested in the application.

On 2 May 2007 Plaintiffs filed a Declaratory Judgment action against the Town of Shallotte and Shallotte's Board of Aldermen. Plaintiffs sought a declaration that the rezoning was invalid, but did not challenge the Board's annexation of the subject property. The parties each moved for summary judgment, and a hearing was conducted on 13 May 2008. On 9 June 2008 the trial court granted summary judgment in favor of Defendants, from which order Plaintiffs appealed to this Court. Plaintiffs have dismissed their claims against the Town of Shallotte Board of Aldermen, which is not a party to this appeal.

### Standard of Review

Plaintiffs appeal from the trial court's entry of summary judgment. Summary judgment is properly entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). On appeal, "[w]e review a trial court's order granting or denying summary judgment de novo. 'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *Craig v. New Hanover County Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (quoting *In re Appeal of The Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) (other citations omitted)).

The present case was appropriate for entry of a summary judgment order, because it presents issues of law rather than fact:

> Each party based its claim upon the same sequence of events[, and] . . . [n]either party has challenged the accuracy or authenticity of the documents establishing the occurrence of these events. Although the parties disagree on the legal significance of the established facts, the facts themselves are not in dispute. Consequently, we conclude that there is no genuine issue as to any material fact surrounding the trial court's summary judgment order.

*Adams v. Jefferson-Pilot Life Ins. Co.*, 148 N.C. App. 356, 359, 558 S.E.2d 504, 507 (2002) (internal quotations omitted). We next determine whether the trial court properly granted summary judgment for Defendants.

**[1]** Preliminarily, we address the issue of standing. Defendants argue that Plaintiffs lacked standing to challenge the validity of the Defendants' rezoning.

Standing "refers to whether a party has a sufficient stake in an otherwise justiciable controversy so as to properly seek adjudication of the matter." *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 51 (2002) (citations omitted). "Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002). "Standing is a question of law which this Court reviews *de novo*." *Cook v. Union Cty. Zoning Bd. of Adjust.*, 185 N.C. App. 582, 588, 649 S.E.2d 458, 464 (2007) (citation omitted).

Defendants argue that, for Plaintiffs to have standing to file a declaratory judgment action challenging the rezoning, they must allege and prove that the rezoning caused them special damages. "[S]pecial damage[s] are defined as a reduction in the value of his [petitioner's] own property." *Sarda v. City/Cty. of Durham Bd. of Adjust.*, 156 N.C. App. 213, 215, 575 S.E.2d 829, 831 (2003) (internal quotations and citations omitted).

This Court previously has held:

A party has standing to challenge a zoning ordinance in an action for declaratory judgment only when it "has a specific personal and legal interest in the subject matter affected by the zoning ordinance[.]" The standing requirement for a declaratory judgment action is therefore similar to the requirement that a party seeking review of a municipal decision by writ of *certiorari* suffer damages "distinct from the rest of the community." When a party seeks review by writ of *certiorari*, however, our courts have imposed an additional requirement that the party allege special damages in its complaint. This requirement arises from [certain statutes] which allow only "aggrieved" persons to seek review by writ of *certiorari*. In contrast, the Declaratory Judgment Act . . . does not require a party seeking relief be an "aggrieved" person or to otherwise allege special damages[.] [N.C. Gen. Stat. § 1-254 (2007), and] . . . we hold it is not required.

*Village Creek Prop. Owners' Ass'n, Inc. v. Town of Edenton*, 135 N.C. App. 482, 485-86, 520 S.E.2d 793, 795-96 (1999) (quoting *Taylor v. City of Raleigh*, 290 N.C. 608, 620, 227 S.E.2d 576, 583 (1976), and *Heery v. Zoning Board of Adjustment*, 61 N.C. App. 612, 614, 300 S.E.2d 869, 870 (1983)) (footnotes omitted and other citations omitted). We find *Village Creek* applicable to the facts of this case, and hold that Plaintiffs had standing to challenge Defendants' rezoning of the subject property.

[2] Plaintiffs argue first that Defendants' rezoning "is illegal spot zoning and is, therefore, void." Accordingly, we must determine whether the rezoning at issue constituted spot zoning:

Spot zoning is defined, in pertinent part, as a zoning ordinance or amendment that "singles out and reclassifies a relatively small tract owned by a single person and surrounded by a much larger area uniformly zoned, so as to . . . relieve the small tract from restrictions to which the rest of the area is subjected."

MUSI v. TOWN OF SHALLOTTE

[200 N.C. App. 379 (2009)]

*Good Neighbors of S. Davidson v. Town of Denton*, 355 N.C. 254, 257, 559 S.E.2d 768, 771 (2002) (quoting *Blades v. City of Raleigh*, 280 N.C. 531, 549, 187 S.E.2d 35, 45 (1972)). "An essential element of spot zoning is a small tract of land owned by a single person and surrounded by a much larger area uniformly zoned." *Covington v. Town of Apex*, 108 N.C. App. 231, 237, 423 S.E.2d 537, 540 (1992). We conclude that the subject property meets neither of these criteria for spot zoning.

The subject property does not have a common owner, but is comprised of fifteen (15) parcels, with six (6) owners. Plaintiffs allege that "a rezoning of property owned by more than one person can still constitute spot zoning." In support of this proposition, Plaintiffs cite three cases. Two of these, *Alderman v. Chatham County*, 89 N.C. App. 610, 366 S.E.2d 885 (1988); and *Lathan v. Bd. of Commissioners*, 47 N.C. App. 357, 267 S.E.2d 30 (1980), involve the rezoning of property with a common owner, and thus shed no light on this issue. The third case cited by Plaintiffs is *Budd v. Davie County*, 116 N.C. App. 168, 447 S.E.2d 449 (1994), which addressed rezoning of (1) a tract of land owned by one person and, (2) a "strip of land" running from the tract, and owned by that person's son. We do not find *Budd* persuasive, for several reasons.

Firstly, *Budd's* holding is internally inconsistent. After quoting the same definition of spot zoning given above, and even noting that an "essential element of spot zoning is a small tract of land owned by a single person", the Court then holds that the rezoning in question, involving property with two different owners, was spot zoning.

Additionally, in *Good Neighbors*, a Supreme Court of North Carolina case decided after *Budd*, the Court reiterates the definition in *Blades* and *Chrismon*, including the requirement that the rezoning be of a parcel with one owner. To the extent that *Good Neighbors* conflicts with *Budd*, we are bound to follow *Good Neighbors*.

The judicial policy of *stare decisis* is followed by the courts of this state. Under this doctrine, "[t]he determination of a point of law by a court will generally be followed by a court of the same or lower rank[.]" . . . Moreover, this Court has no authority to overrule decisions of our Supreme Court and we have the responsibility to follow those decisions "until otherwise ordered by the Supreme Court."

*Dunn v. Pate*, 106 N.C. App. 56, 60, 415 S.E.2d 102, 104 (1992), *rev'd on other grounds by Dunn v. Pate*, 334 N.C. 115, 431 S.E.2d 178

(1993) (quoting 20 Am. Jur. 2d *Courts* § 183 (1965), and *Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985)). Consequently, this Court is bound to adhere to the rule set out in *Good Neighbors* and other Supreme Court of North Carolina cases.

Plaintiffs acknowledge that the subject property has multiple owners, but assert that the rezoning can properly be analyzed as spot zoning, because (1) the owners of most of the tracts are members of the same extended family, and (2) the owners of the tracts have a "common interest." Plaintiffs cite no authority for these exceptions to the general definition and we find none.

We also conclude that the subject property is not "surrounded by a much larger area uniformly zoned," as required by *Blades*, 280 N.C. at 549, 187 S.E.2d at 45, and subsequent cases citing *Blades*. There is no precise definition of the area to be analyzed to determine whether a rezoned property is surrounded by a "much larger area" of uniform zoning. In this case, Plaintiffs chose to focus on the area within a one-mile radius of the subject property, and submitted a map of the zoning designations in this area. The map reveals that the one mile area around the subject property includes several zoning categories, including Brunswick County R-6000 and R-7500, and Shallotte Town R-10, RA-15, and Commercial Waterfront.

Moreover, Plaintiffs do not articulate the reason for their choice of a one mile radius around the subject property, and we note that a significant part of this area consists of the waters of the Shallotte River. Examination of either a larger area around the subject property, or of the nearest mile of dry land reveals additional zoning designations.

In sum, the subject property was not the property of a single owner, and was not surrounded by a uniformly zoned area. We conclude that the rezoning did not constitute "spot zoning" as this term has been defined, and we do not reach the question of whether it was illegal spot zoning. This assignment of error is overruled.

[3] Plaintiffs also argue that "the Board of Aldermen failed to consider the suitability of the subject property for the entire range of uses permitted in the MF-10, RM-10 and R-10 zoning districts, and the rezoning is, therefore, void." We disagree.

Re-zoning is considered a legislative act. Accordingly, zoning decisions are typically afforded great deference by reviewing courts and "[w]hen the most that can be said against such ordi-

nances is that whether it was an unreasonable, arbitrary or unequal exercise of power is fairly debatable, the courts will not interfere[]" and in most circumstances, "will not substitute its judgment for that of the legislative body[.]"

*Childress v. Yadkin Cty.*, 186 N.C. App. 30, 34, 650 S.E.2d 55, 59 (2007) (quoting *In re Appeal of Parker*, 214 N.C. 51, 55, 197 S.E. 706, 709 (1938)) (other citation omitted). " 'A duly adopted rezoning ordinance is presumed to be valid and the burden is upon the plaintiff to establish its invalidity.' " *Kerik v. Davidson Cty.*, 145 N.C. App. 222, 231, 551 S.E.2d 186, 192 (2001) (quoting *Nelson v. City of Burlington*, 80 N.C. App. 285, 288, 341 S.E.2d 739, 741 (1986)). However, "when rezoning property from one general use district with fixed permitted uses to another general use district with fixed permitted uses, a city council must determine that the property is suitable for all uses permitted in the new general use district[.]" *Hall v. City of Durham*, 323 N.C. 293, 305, 372 S.E.2d 564, 572 (1988).

Plaintiffs argue that the Board of Aldermen voted to rezone the subject property without considering the various uses permitted by the zoning designation. Their position is based primarily on the fact that the request for rezoning was associated with a proposal to build multifamily condominiums. Plaintiffs assert that the Aldermen who voted in favor of the rezoning "believed that the Rezoning would result in high-density multi-family dwellings being built" in the rezoned area. Plaintiffs stress that the prospective developers "made no attempt to disguise their plans," suggesting that it is improper for rezoning to be considered in the context of a specific request or development proposal. However, it seems probable that most rezoning matters arise from a specific request by a party who hopes to build a particular building or development. Plaintiffs articulate no reason that if the Aldermen anticipated that a certain development would likely follow rezoning, this expectation would be inconsistent with the Board's consideration of other uses, in addition to the proposed development. Nor do Plaintiffs explain the reason proponents of rezoning should keep their proposals a secret or would be expected to "disguise" their plans.

We have examined the record and conclude that there is ample evidence that the Board of Aldermen gave adequate consideration to the possible uses under the rezoning. The subject property was Brunswick County land that was annexed by the Town of Shallotte. Accordingly, the town replaced the county zoning categories with Shallotte's zoning designations. Rezoning allowed a greater density of

housing, and it is undisputed that the issue of housing density was thoroughly addressed. However, most of the uses permitted by rezoning were already allowed by the previous Brunswick County zoning. Further, when the Aldermen were deposed, each one testified that he had considered the full range of permitted uses.

In *Parker*, 214 N.C. 51, 197 S.E. 706, the North Carolina Supreme Court discussed the courts' role in reviewing zoning ordinances, and stated, in part:

> The courts will not invalidate zoning ordinances duly adopted by a municipality unless it clearly appears that in the adoption of such ordinances the action of the city officials "has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense."

*Id.* at 55, 197 S.E. 706 (quoting *Nectow v. Cambridge*, 277 U.S. 183, 187-88, 72 L. Ed. 842, 844 (1928) (internal citation omitted)). In the instant case, we conclude that Plaintiffs failed to establish that the Board of Aldermen did not conduct the proper assessment of the range of permitted uses in the rezoned areas, and that the rezoning is not void on this basis. This assignment of error is overruled.

**[4]** Finally, Plaintiffs argue that the trial court erred by excluding Exhibits BB and CC from the evidence at the summary judgment hearing. We disagree.

"We review the trial court's decision to exclude evidence for an abuse of discretion." *Media Network, Inc. v. Long Haymes Carr, Inc.*, —— N.C. App. ——, ——, 678 S.E.2d 671, 687 (2009) (citing *Barham v. Hawk*, 165 N.C. App. 708, 721, 600 S.E.2d 1, 9 (2004). (2009)). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason. A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citations omitted).

The exhibits that Plaintiffs sought to include in the evidence consist of letters from citizens opposed to certain construction plans that had been proposed for the subject property. Plaintiffs appeal from the Board of Aldermen's rezoning at its March, 2007 meeting. It

is undisputed that these letters were not made a part of the record at this meeting. Moreover, Plaintiffs failed to argue on appeal that exclusion of these letters affected the outcome of the summary judgment proceeding:

> [E]ven assuming, arguendo, that this testimony was inadmissible, plaintiffs have not shown prejudice. "The burden is on the appellant not only to show error, but to show prejudicial error, *i.e.*, that a different result would have likely ensued had the error not occurred. G.S. § 1A-1, Rule 61 [(2007)]."

*O'Mara v. Wake Forest Univ. Health Scis.*, 184 N.C. App. 428, 440, 646 S.E.2d 400, 407 (2007) (quoting *Responsible Citizens v. City of Asheville*, 308 N.C. 255, 271, 302 S.E.2d 204, 214 (1983)). This assignment of error is overruled. We conclude that the court did not err by entering summary judgment for Defendants and that its order should be

Affirmed.

Judges WYNN and STROUD concur.