DILLON, Judge, concurring in part and dissenting in part.
The majority concludes that the action taken by the County in rezoning the two-acre tract of land owned by Phillip and Matt Behe (the "Property") did not constitute spot zoning. The majority further concludes that the record is insufficient to allow this Court to determine whether summary judgment was appropriate for either party. Accordingly, the majority orders that the trial court's order granting summary judgment be reversed and that the matter be remanded for a new hearing, with the burden on the plaintiffs to show that the rezoning of the Property was invalid.
I believe that the County's action did constitute spot zoning, and, therefore, the burden is not on the plaintiffs to show that the rezoning was invalid, but rather the burden was on the County to make a "clear showing that there was a reasonable basis for its decision" to rezone the Property. Good Neighbors v. Town of Denton, 355 N.C. 254, 259, 559 S.E.2d 768, 772 (2002). However, I further believe that the County met its burden, and, therefore, my vote is to reverse the order of the trial *293 court granting summary judgment and remand with instructions to enter summary judgment for the County.
The majority holds that we are compelled by our Supreme Court's decision in Good Neighbors, supra, and our Court's decision in Musi v. Town of Shallotte, 200 N.C.App. 379, 684 S.E.2d 892 (2009) to conclude that the County's action did not amount to spot zoning because the Property is owned by two *911 individuals (a father and son) rather than by "a single person." I disagree.
I recognize that our Supreme Court has used the phrase a single "tract owned by a single person " as part of a definition of spot zoning, Blades v. City of Raleigh, 280 N.C. 531, 549, 187 S.E.2d 35, 45 (1972), a phrase which has been repeated in subsequent cases, see Chrismon v. Guilford County, 322 N.C. 611, 627, 370 S.E.2d 579, 588 (1988) ; Musi, 200 N.C.App. at 382-83, 684 S.E.2d at 895, and, therefore, I understand how the majority reached its conclusion in the present case. I do not believe, however, that the Supreme Court intended by the use of this phrase to fashion a definitive rule whereby the question of whether the rezoning of a single tract of land constitutes "spot zoning" turns on whether that tract is owned by a single person rather than by two people. Such a rule would allow a landowner to avoid the spot zoning analysis simply by conveying a partial interest in his land to a "straw" entity. Rather, by its use of the phrase "by a single person" in certain opinions, I believe the Supreme Court was merely describing an example of spot zoning, as was the case in Chrismon. Indeed, in both Good Neighbors and Blades, the tract involved was not owned by a "single person" but rather by a corporation, made up of multiple individuals[2] . See Good Neighbors, supra; Blades, supra.
I note that the Supreme Court has never expressly held-in Good Neighbors or otherwise-that a rezoning of a single tract did not constitute spot zoning simply because the tract was owned by multiple individuals. Rather, the Supreme Court recently avoided reaching this question. Wally v. City of Kannapolis, 365 N.C. 449, 722 S.E.2d 481 (2012). Further, the *294 Musi decision from our Court is clearly distinguishable from the present case in that Musi involved the rezoning of fifteen separate tracts of land which were not all owned by the same group of individuals. 200 N.C.App. at 383, 684 S.E.2d at 895.
Notwithstanding that I conclude that the rezoning in the present case does constitute spot zoning, I also conclude that the spot zoning was legal. Chrismon, 322 N.C. at 627-28, 370 S.E.2d at 588-89 (stating that not all spot zoning is illegal). That is, I believe that the County met its burden of clearly showing a reasonable basis for its decision by demonstrating that the rezoning was compatible with the existing zoning, that the benefits outweighed any detriments for the neighbors and the community, and that the new zoning was consistent with the County's long range plans.
On the other issues raised in this appeal, I agree with the majority that there is no issue of fact that all proper parties did receive adequate notice of the proceeding and that Matt Behe did not violate any zoning ordinance when he poured a concrete pad on the Property.
Accordingly, my vote is to reverse and remand with instructions to enter summary judgment in favor of the County.

By way of example, if the City of Raleigh granted my request to rezone my single-family residential lot to commercial, it makes no sense that the rezoning of my lot would not be subject to the spot zoning analysis by a reviewing court simply because I happen to own my house with my wife. Alternatively, however, if the City granted the rezoning request of my unmarried neighbor, the City's decision would be subject to the spot zoning analysis. Of course, under the majority's analysis, my neighbor could avoid the spot zoning analysis by setting up a "straw" entity and conveying a small interest in his house to that entity before making his rezoning request.